UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KELVIN RAY ANDERSON,

   Plaintiff,

   v.

K.T. SANBORN, et al.,

   Defendants.

No. 2:21-cv-0561-EFB P

ORDER

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  He has filed an amended complaint which the court must screen.[1]

Screening Order

In the amended complaint (ECF No. 10), plaintiff alleges that in retaliation for communicating with the California Department of Corrections and Rehabilitation's Office of Internal Affairs about the misconduct of defendants Sanborn and Reyes, Sanborn and Reyes falsified documents and issued a falsified rules violation report against plaintiff.  Liberally construed, plaintiff has stated a potentially cognizable First Amendment retaliation claim against defendants Sanborn and Reyes.

---

[1] Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

1

Plaintiff also alleges that defendants Deters and De Jesus deprived him of due process. As explained below, these claims cannot survive screening. To state a claim for violation of the right to procedural due process, plaintiff must allege facts showing: "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003). Plaintiff alleges that Deters presided over the disciplinary hearing without providing plaintiff with copies of documents or allowing plaintiff to present his own documentary evidence. ECF No. 10 at 5. Assuming this amounts to a "denial of adequate procedural protections," plaintiff has not shown he was deprived of a constitutionally-protected liberty or property interest. Plaintiff's claimed losses include an "adverse" transfer to Pelican Bay State Prison, the loss of his prison job, and the inability to receive personal property following his transfer. Prisoners, however, have no liberty interest in avoiding being transferred to another prison even if the conditions are different or less desirable, *see Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Rizzo v. Dawson*, 778 F.2d 527, 530 (9th Cir. 1985), and there is no property or liberty interest in a prison job, *see Walker v. Gomez*, 370 F.3d 969, 973 (9th Cir. 2004); *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1997). As for De Jesus, plaintiff claims he interfered with the timely processing of his administrative remedies. ECF No. 10 at 5. As plaintiff is aware, *see* ECF No. 7 at 3, any failure to properly process or respond to an administrative appeal does not violate due process, as there are no constitutional requirements regarding how a grievance system is operated. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

For these reasons, plaintiff may either proceed only on the potentially cognizable First Amendment retaliation claims against defendants Sanborn and Reyes or he may amend his complaint to attempt to cure its deficiencies. Plaintiff is not obligated to amend his complaint.

<u>Leave to Amend</u>

Plaintiff may file an amended complaint to attempt to cure the deficiencies noted above. Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if

he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff is not obligated to file an amended complaint.

Plaintiff may not change the nature of this suit by alleging new, unrelated claims in the amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. L.R. 110.

## Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's amended complaint (ECF No. 10) alleges, for screening purposes, potentially cognizable First Amendment retaliation claims against defendants Sanborn and Reyes.

2. All other claims, including those against defendants Deters and De Jesus, are dismissed with leave to amend within 30 days of service of this order. Plaintiff is not obligated to amend his complaint.

3. Within thirty days plaintiff shall return the notice below advising the court whether he elects to proceed with the cognizable claims or file an amended complaint. If the former option is selected and returned, the court will enter an order directing service at that time.

/////

/////

3

4. Failure to comply with any part of this this order may result in dismissal of this action.

Dated: October 18, 2021.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELVIN RAY ANDERSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>K.T. SANBORN, et al.,<br><br>　　　　Defendants. | No. 2:21-cv-0561-EFB P<br><br><br>NOTICE |

In accordance with the court's Screening Order, plaintiff hereby elects to:

(1) _____   proceed only with the First Amendment retaliation claims against defendants Sanborn and Reyes;

OR

(2) _____   delay serving any defendant and file a second amended complaint.

_____
　　　　　　　　　　　　　　Plaintiff

Dated: