UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELVIN ANDERSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>K.T. SANBORN, et al.,<br><br>　　　　　Defendants. | No.  2:21-cv-00561-KJM-EFB (PC)<br><br><br>ORDER |

　　　　Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On April 18, 2023, the magistrate judge filed findings and recommendations, which were served on all parties and contained notice that any objections to the findings and recommendations were to be filed within fourteen days.  Findings and Recommendations, ECF No. 29.  Defendants have filed objections.  Objs., ECF No. 30.

　　　　In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case.  Having reviewed the file, the court finds the findings and recommendations to be supported by the record and by the proper analysis.

　　　　Defendants' objections to the findings and recommendations turn on this case's history. So, some background is needed.  Plaintiff, an unrepresented state prisoner, filed his complaint

1

1   against defendants alleging First Amendment retaliation.  Third Am. Compl. at 2, ECF No. 10.
2   That claim was premised on plaintiff's reporting "staff misconduct to the proper authorities,"
3   including, "[m]ost recently," to the Office of Internal Affairs.  *Id.*  In response to the reporting,
4   plaintiff alleges defendants punished him with an adverse transfer and making false charges of
5   conspiracy to introduce controlled substances into the facility.  *Id.* at 3.  In the magistrate judge's
6   screening order, he identified plaintiff's reporting to the Office of Internal Affairs as one of the
7   allegations that, liberally construed, plausibly stated a First Amendment retaliation claim.  Prior
8   Order (Oct. 18, 2021) at 1, ECF No. 11.  After discovery, defendants moved for summary
9   judgment.  *See generally* Mot. Summ. J., ECF No. 24.  They argue in that motion and in their
10  opposition to the findings and recommendations that plaintiff's reporting to the Office of Internal
11  Affairs occurred after the alleged retaliatory acts and therefore he could not have suffered
12  retaliation for the reporting.  *See* Objs. at 4.  However, during discovery, defendants learned
13  plaintiff's retaliation claim turned on "his statements to various prison staff and to ISU members
14  in December 2018 and January 2019," which predated the alleged retaliation.  Findings and
15  Recommendations at 8.  Now, nonetheless, defendants insist plaintiff's claim must be constrained
16  to the complaint's factual allegations regarding reporting to the Office of Internal Affairs.  Objs.
17  at 5–7.  Moreover, defendants contend plaintiff's claim must be limited to the factual bases
18  identified in the magistrate judge's screening order.  *Id.* at 6–7.

19          Defendants' arguments are unpersuasive.  As the magistrate judge explained, "the
20  complaint is capable of the construction proffered by plaintiff now," and defendants have known
21  about this construction since at least plaintiff's deposition on May 11, 2022—well before the
22  close of discovery.  Findings and Recommendations at 9–10; *see also* Discovery and Scheduling
23  Order, ECF No. 23 (discovery ends July 1, 2022).  Moreover, contrary to defendants' position,
24  *see* Objs. at 5, nothing in the statutes requiring screening limits a claim's possible factual bases to
25  the allegations identified in a screening order.  *See* 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e).
26  Plaintiff has put forward evidence supporting the First Amendment retaliation claim outlined in
27  his complaint and identified by the magistrate judge's screening order.  Because there are genuine
28  /////

disputes of material fact on this claim, except with respect to claims against defendants in their official capacities, the magistrate judge correctly recommended denial of the motion.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed April 18, 2023, are adopted in full; and

2. Defendants' September 29, 2022 motion for summary judgment (ECF No. 24) is GRANTED as to plaintiff's claims against them in their official capacities and otherwise DENIED.

DATED: July 21, 2023.

CHIEF UNITED STATES DISTRICT JUDGE