UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELVIN ANDERSON,<br><br>    Plaintiff,<br><br>    v.<br><br>K.T. SANBORN, et al.,<br><br>    Defendants. | No. 2:21-cv-00561-KJM-EFB<br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought pursuant to 42 U.S.C. § 1983. Defendant moves for modification of the schedule to allow an additional discovery period. ECF No. 36. Plaintiff has filed no opposition.

**I.    Background**

As discussed below, defendant's motion raises, among other issues, the question of defendant's diligence in attempting to complete discovery within the existing deadline.

This action proceeds on plaintiff's amended complaint. ECF No. 10. In its screening order of October 18, 2021, the court stated: "[P]laintiff alleges that in retaliation for communicating with the California Department of Corrections and Rehabilitation's Office of Internal Affairs about the misconduct of defendants Sanborn and Reyes, Sanborn and Reyes falsified documents and issued a falsified rules violation report against plaintiff. The court has found that the complaint, liberally construed has stated a potentially cognizable First Amendment

1

retaliation claim against defendants Sanborn and Reyes." ECF No. 11 at 1.

In opposing defendants' motion for summary judgment, plaintiff disputed the characterization of his claim as alleging that defendants retaliated against him "for communicating with the Office of Internal Affairs." According to plaintiff, his complaint alleged that defendants retaliated against him because he held information about staff misconduct, not because he spoke to Internal Affairs. In his summary judgment opposition brief, plaintiff stated that he had worked with Brooks during charity food sales drives at CHCF. ECF No. 24 at 5. Plaintiff and Brooks became aware "that certain funds raised were not properly distributed to said charities." *Id.*

Indeed, in his deposition testimony, plaintiff clarified to defense counsel that he did not intend to allege that the retaliatory conduct was done because of his interview with Internal Affairs, which occurred after the retaliation. Pl.'s Dep. at 37:13-23. Instead, plaintiff believes that the retaliation began after he spoke up to Brooks and unidentified other staff about money he believed to be missing and possibly embezzled from the food sales funds (hereinafter, the "food sales claim"). *Id.* at 42:9-16.

Thus, in recommending denial of the motion for summary judgment, the undersigned reasoned:

> [T]he complaint is capable of the construction proffered by plaintiff now, and the court notes that defendants have been aware of plaintiff's allegations that they retaliated against him for speaking up about embezzlement of food sales funds at least since plaintiff's deposition on May 11, 2022, well before the expiration of discovery and the dispositive motion deadline. Plaintiff, as an unrepresented inmate, is entitled to liberality in the construction of his pleadings. On the other hand, defendants, who are represented by the state's Attorney General's office, made a strategic choice to ignore plaintiff's clarification of his claims during his deposition in order to argue that the timing of plaintiff's protected conduct defeated his retaliation claim.

ECF No. 29 at 9-10. Defendants now ask the court to re-open discovery to allow them to investigate the food sales claim.

**II.    Analysis**

Federal Rule of Civil Procedure 16(b)(4) provides: "A schedule may be modified only for good cause and with the judge's consent." Courts considering a request to modify a schedule

under Rule 16(b)(4) look primarily to the whether the party seeking modification could not reasonably meet the deadline despite his diligence. *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992). While the focus is primarily on the moving party's diligence, "the existence or degree of prejudice to the party opposing the motion might supply additional reasons to deny" the requested modification. *Id.*

As noted above, defendants had notice of the food sales claim well before the initial discovery period ended. It was, perhaps, less than diligent to ignore the claim in reliance on the screening order. However, in light of the ambiguity of the complaint, the screening order's limited description of plaintiff's claim, and plaintiff's decision not to file an opposition to the request for modification, the court will grant the motion and allow additional discovery limited to plaintiff's food sales claim.

**III.     Order**

Accordingly, it is hereby ORDERED that:

1. The discovery and scheduling order issued March 1, 2022 (ECF No. 23) is amended as follows:

    a. The parties may conduct discovery on plaintiff's food sales claim pursuant to Federal Rules of Civil Procedure 26 through 37. Defendant may depose any incarcerated or imprisoned witness, including plaintiff, upon giving the notice required by Federal Rule of Civil Procedure Rule 30(b)(1) at least fourteen days before such a deposition. Defendant may depose plaintiff via video-conference if video-conferencing equipment is available at the institution in which plaintiff is housed.

    b. If the parties have any discovery disputes, they must comply with all pertinent rules including Rules 5, 7, 11, 26, and 37 of the Federal Rules of Civil Procedure and Local Rules 110, 130, 131, 134-135, 142, and 230(l). Unless otherwise ordered, Local Rule 251 shall not apply. Filing a discovery motion that does not comply with the rules may result in imposition of sanctions, including but not limited to denial of the motion.

    c. The parties may conduct discovery on plaintiff's food sales claim until May 3, 2024. Any motions necessary to compel discovery shall be filed by that date. All requests for discovery pursuant to Fed. R. Civ. P. 31, 33, 34, or 36 shall be served not later than March 2, 2024.

    d. Dispositive motions shall be filed on or before August 2, 2024.

    e. Unless otherwise ordered, all motions to dismiss, motions for summary judgment, discovery motions, and motions made under the authority of Fed. R. Civ. P. 7, 11, 12, 15, 41, 55, 56, 59 and 60, and Local Rule ("L.R.") 110 shall be briefed in accordance with L.R. 230(l). Failure to timely file an opposition or statement of no opposition to such a motion may be deemed a waiver of opposition to the motion and may result in the imposition of sanctions. L.R. 230(l). Oppositions to all other motions need to be filed only as directed by the court.

2. The court's September 25, 2023 order directing filing of pretrial statements (ECF No. 35) is VACATED. The court will schedule pretrial proceedings, if necessary, upon the resolution of any pretrial motions filed.

3. Requests to modify this schedule will be looked upon with disfavor and must be supported by good cause pursuant to Fed. R. Civ. P. 16(b).

Dated: January 22, 2024

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE