UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELVIN RAY ANDERSON, | No. 2:21-cv-00561-KJM-EFB (PC) |
| Plaintiff, | |
| v. | ORDER |
| K.T. SANBORN, et al., | |
| Defendants. | |

Plaintiff is a former state prisoner proceeding without counsel in an action brought pursuant to 42 U.S.C. § 1983. Currently before the court are several motions filed by plaintiff seeking appointment of counsel and a settlement conference (ECF Nos. 40, 42, and 49) and defendants' motions to compel (ECF No. 43) and for summary judgment (ECF No. 45). For the reasons that follow, the court will deny plaintiff's motions and recommend that the case be dismissed due to plaintiff's failure to prosecute the case.

**I.     Background**

This action proceeds on plaintiff's claim that defendants retaliated against him for his statements to various prison staff and to ISU members in December 2018 and January 2019 regarding the theft of funds from charity food sales by prison staff. ECF Nos. 10, 29, 31. Defendants' initial motion for summary judgment was primarily denied, but the court allowed defendants to conduct further discovery and file a second summary judgment motion. ECF Nos.

1

29, 31, 37.

## II.     Plaintiff's Motions

On August 16, 2023, plaintiff filed a notice of change of address with the court following his release on parole. ECF No. 34. The notice provided an address of 8107 Darien Court in Sacramento. *Id.* In a motion for appointment of counsel dated February 25, 2024, plaintiff informed the court that he was homeless and not able to receive mail sent to the Darien Court address, but that he was currently incarcerated in the Sacramento County Main Jail for a short period. ECF No. 38. The court found that plaintiff had not presented extraordinary circumstances warranting appointment of counsel, partially because plaintiff had not substantiated his claims that a back injury prevented him from litigating the case. ECF No. 39. On March 28, 2024, plaintiff filed another motion for counsel and again requested a settlement conference. ECF No. 40. He informed the court that he was due to be released from the jail on April 5, 2024 and that, although he would be homeless upon release, he would file an address at which he could receive mail from defendants and the court within 14 days. *Id.*

On April 26, 2024, plaintiff reiterated his request for counsel and a settlement conference. ECF No. 42. He stated that he was still housed at the jail but was slated for release on May 24, 2024. *Id.* The court received nothing further from plaintiff until November 26, 2024, after the court ordered plaintiff to respond to defendants' motions to compel and for summary judgment. ECF Nos. 48, 49. Plaintiff again asks for counsel due to his homelessness and unspecified mental health issues. ECF No. 49. Plaintiff has not described those issues, explained how they prevent him from litigating this case, or provided any substantiating evidence of those issues.

District courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues

involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). As the court indicated in its March 5, 2024 order, plaintiff's homelessness and unsubstantiated health issues do not present extraordinary circumstances warranting appointment of counsel. ECF No. 39 ("But plaintiff has not explained how those issues prevent him from litigating the instant case; in fact, he has provided no information or evidence about the injury."). Accordingly, plaintiff's motions for appointment of counsel are denied.

Plaintiff has filed multiple requests for a settlement conference; defendant has not responded to those requests. Rather, defendants have filed a motion for summary judgment and state that they have "no interest in settlement." ECF No. 43-1 at 4. Accordingly, plaintiff's request for a settlement conference is denied.

### III. Defendants' Motions to Compel and for Summary Judgment

Defendants sent requests for admissions, set two, to plaintiff at the Darien Court address on February 26, 2024. ECF No. 43. Plaintiff did not respond to the requests; in a filing dated by plaintiff February 25, 2024 and filed on the docket on March 1, 2024, plaintiff informed the court and defendants that he was currently held in the Sacramento County Main Jail. ECF No. 38. On October 8, 2024, the court ordered plaintiff to file an opposition or statement of non-opposition to the motion to compel within 30 days. ECF No. 48. Plaintiff responded on November 26, 2024, stating that he had never received "any documents," presumably referring to the discovery requests. ECF No. 49. He also claims not to have received the motion to compel. *Id.*

It appears that defendants' discovery request, while served to plaintiff's then-current address of record, reached that address after plaintiff had been confined in the jail. While plaintiff did not file a formal notice of change of address with the court until late March (ECF No. 40), plaintiff's February 25th filing indicated that plaintiff would not receive the discovery requests sent to Darien Circle. Indeed, plaintiff's March 28 filing stated that plaintiff remained confined in the jail and would not be released at least until April 5, after the March 30 due-date for responding to the requests for admission.

Thus, plaintiff's initial failure to respond to the requests for admission was likely due to his incarceration in the jail just prior to service of the discovery requests at Darien Circle.

However, defense counsel sent plaintiff a letter at the jail on April 22, 2024 telling him that he had failed to timely respond to the requests for admission and providing him with a short additional window to provide responses. ECF No. 43-1 at 2, 43-2 at 11. Counsel informed plaintiff that a motion to compel would be filed if plaintiff did not respond. *Id.* Plaintiff provides no explanation as to why he did not respond to the letter. And while plaintiff states that he did not receive the motion to compel, it was served on him at his then-current address at the jail. ECF No. 43 at 7-8.

It is plaintiff's obligation to provide the court and defendants with an address at which he can receive mail so that he can prosecute this case. Defendants properly served plaintiff with the requests for admission at his then-current address, attempted to communicate with him regarding his failure to respond in a letter sent to him at the jail, and served the motion to compel on plaintiff at the jail, where he was then incarcerated.

The motion to compel has been pending on the docket for over eight months. Even if plaintiff did not receive the motion, it was properly served at the address plaintiff provided. Further, plaintiff was notified by defense counsel's letter to the jail in April 2024 that such a motion would be filed due to plaintiff's failure to respond to the requests for admission.

Plaintiff similarly failed to respond to the motion for summary judgment filed August 1, 2024, now pending for over five months. ECF No. 45. The court ordered such an opposition on October 8, 2024. ECF No. 48. Rather than file a substantive opposition, on November 26, 2024 plaintiff simply reiterated his unsubstantiated claims concerning unspecified mental health issues and homelessness (although providing an address at the Rio Consumnes Correctional Center). ECF No. 49. This opposition does address the substance of the motion and therefore does not allow the court to analyze the evidence and issues presented by the motion.

Local Rule 230(l) provides in part: "Failure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion . . . ." Further, Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

4

Having filed this action, plaintiff is obligated to prosecute it by timely responding to discovery requests and filing deadlines or seeking extensions of those deadlines from the court. Instead, plaintiff has failed to consistently provide a usable address and has missed many deadlines without seeking extensions of time. By order filed March 1, 2022, plaintiff was warned of the requirements for filing opposition briefs under the Local Rules and was cautioned that failure to comply with the Local Rules might result in the imposition of sanctions. In addition, defendants gave plaintiff notice of his responsibilities in opposing summary judgment (and, indeed, plaintiff successfully opposed defendants' first such motion). ECF Nos. 24-6, 45-9.

"Failure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); *Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir.1986).

In determining to recommend that this action be dismissed, the court has considered the five factors set forth in *Ghazali*, 46 F.3d at 53. Plaintiff's failure to comply with the Local Rules has impeded the expeditious resolution of the instant litigation and has burdened the court's docket, consuming scarce judicial resources in addressing litigation which plaintiff is not currently diligently prosecuting. Although public policy favors disposition of cases on their merits, plaintiff's failure to oppose the pending motions has precluded the court from doing so. In addition, defendants are prejudiced by the inability to reply to opposition briefing. Finally, the court has informed plaintiff of the requirements under the Local Rules and granted ample additional time to oppose the pending motions, all to no avail. The court finds no suitable alternative to dismissal of this action.

**IV.     Order and Recommendation**

Accordingly, it is hereby ORDERED that plaintiff's motions for settlement conference and appointment of counsel (ECF Nos. 40, 42, and 49) are DENIED.

It is further RECOMMENDED that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b) and the Clerk of Court be directed to administratively terminate all pending motions. *See also* E.D. Cal. L.R. 230(*l*)

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 21, 2025

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

6