UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELVIN RAY ANDERSON. | No. 2:21-cv-00561-KJM-EFB (PC) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| K.T. SANBORN, et al. | |
| Defendants. | |

Plaintiff is a former state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He proceeds on his First Amended Complaint (FAC) against defendants Sanborn and Reyes-Nava solely for alleged retaliation against him for engaging in activity protected by the First Amendment. ECF Nos. 10, 11, 12. Defendants' move to have their Request for Admissions, Set Two (ECF No. 34), deemed admitted due to plaintiff's wholesale failure to respond. *See* ECF No. 43. Defendants also move for summary judgment. ECF No. 45.

For the reasons stated below, plaintiff's motion for appointment of counsel is denied. Further, defendants' request to strike plaintiff's unauthorized sur-reply is granted. Finally, it is recommended that defendants' motion for summary judgement be granted.

////

////

////

1

## I.     Background

This action proceeds on plaintiff's claim that defendants retaliated against him for his statements to various prison staff in December 2018 and January 2019 regarding the theft of funds from charity food sales by prison staff. ECF Nos. 10, 29, 31. Defendants' initial motion for summary judgment was primarily denied, but the court allowed defendants to conduct further discovery and file a second summary judgment motion. ECF Nos. 29, 31, 37.

Defendants filed their second motion for summary judgment on August 1, 2024. Plaintiff did not file a timely opposition, and the court subsequently ordered him to file an opposition or statement of non-opposition by November 7, 2024. ECF No. 48. Instead, on November 26, 2024, plaintiff filed another motion for appointment of counsel that was titled as an opposition. ECF No. 49. Plaintiff did not file his opposition to defendants' motion until June 26, 2025, after a series of orders from the court. ECF No. 57. Plaintiff also filed a sur-reply, which defendants have moved to strike. ECF Nos. 63, 64. Defendants filed their motion to compel on April 30, 2024; plaintiff filed his opposition on July 17, 2025. ECF Nos. 43, 59.

## II.    Motion to Appoint Counsel

Plaintiff has again requested that counsel be appointed to represent him, based on his unstable housing status and his health issues, including a serious car accident. ECF Nos. 49, 54. The court has previously denied this request. ECF Nos. 39, 51. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional cases, the court may request an attorney to voluntarily represent such a plaintiff. *See* 28 U.S.C. § 1915(c)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright,* 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits, as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

////

////

2

Plaintiff's housing status and health issues do not present extraordinary circumstances warranting appointment of counsel. Plaintiff's case is not complicated. Moreover, while plaintiff has submitted evidence of his serious car accident, the court has granted ample extensions to plaintiff so that he may litigate this matter, and plaintiff has shown that he is able to do so. For example, plaintiff filed a complaint that passed screening, an IFP motion, and oppositions to defendants' motions for summary judgment and motion to compel. ECF Nos. 1, 6, 25, 57, and 59. Finally, plaintiff has not demonstrated he is likely to succeed on the merits of this matter. Accordingly, plaintiff's motion for appointment of counsel is denied. *See Palmer*, 560 F.3d at 970.

### III.  Motion to Deem Requests Admitted

On February 26, 2024, defendants timely served plaintiff with requests for admission, set two, regarding plaintiff's food sales claim. Declaration of Tessa Lessner (Lessner Decl.) ¶¶ 4-5, Ex. A; ECF Nos. 43-1 & 43-2. Plaintiff's responses were due by March 30, 2024; to date, plaintiff has not served any responses to defendants' requests for admission. Lessner Decl. ¶¶ 6-7. Defendants subsequently served plaintiff with a meet-and-confer letter asking him to serve responses by April 29, 2024. *Id.* at ¶ 8, Ex. B. Plaintiff did not respond, and defendants filed their motion to deem the requests admitted on April 30, 2024. ECF No. 43. More than a year later, plaintiff filed an opposition to the motion. ECF No. 59. But his opposition does not address the requests for admissions or plaintiff's failure to respond to them; instead, plaintiff himself assert that he moves to compel "all evidence." ECF No. 59. To the extent plaintiff is attempting to file a motion to compel, he fails to submit any support for it and the motion must be denied. Further, it is untimely and fails to comply with the applicable federal rules.

As defendants argue, the requests for admission were automatically deemed admitted when plaintiff failed to respond by the applicable deadline. *See* Fed. R. Civ. P. 36(a)(3); *Federal Trade Comm'n v. Medicor*, LLC, 217 F. Supp. 2d 1048, 1053 (C.D. Cal. 2002). Thus, while defendants motion may serve to confirm the admissions, the requests were deemed admitted by operation of law upon plaintiff's failure to timely respond. Rule 36(a)(3) confirms that matters are deemed admitted if the answering party does not timely respond. Moreover, in their meet and

confer letter, where they granted plaintiff a courtesy extension to respond, defendants notified plaintiff that failure to respond to the requests for admission with either a written answer or an objection would deem the requests admitted. Lessner Decl. at ¶ 8, Ex. B. *See, e.g., Williamson v. Stewart,* 2024 WL 418645, *2 (E.D. Cal. February 5, 2024) (requests for admission may be deemed admitted against a pro se prisoner for failure to respond when defendants "provide notice to [the] pro se prisoner litigant of the effect of a failure to timely respond to the requests.") Thus, consistent with Fed. R. Civ. P. 36(a)(3), the court confirms that defendants' requests for admission are deemed admitted by plaintiff.

## IV. Motion to Strike Sur-Reply

Plaintiff filed an unauthorized sur-reply to defendants' motion for summary judgment (ECF No. 63), and defendants have moved to strike it. ECF No. 64. Pursuant to Local Rule 230, sur-replies are not permitted absent prior leave of court. Here, plaintiff has neither requested nor been granted authorization to file a sur-reply, and the court will strike it. In addressing defendants' pending second motion for summary judgment, the court will consider the contents of the motion for summary judgment (and its supporting exhibits), plaintiff's opposition, and defendants' reply.

## V. Motion for Summary Judgement

### A. Legal Standard

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant to the determination of the issues in the case, or in which there is insufficient evidence for a jury to determine those facts in favor of the nonmovant. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994). At bottom, a summary judgment motion asks whether the evidence presents a sufficient disagreement to require submission to a jury.

////

4

The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Thus, the rule functions to "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments). Procedurally, under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248; *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir. 1995).

A clear focus on where the burden of proof lies as to the factual issue in question is crucial to summary judgment procedures. Depending on which party bears that burden, the party seeking summary judgment does not necessarily need to submit any evidence of its own. When the opposing party would have the burden of proof on a dispositive issue at trial, the moving party need not produce evidence which negates the opponent's claim. *See, e.g., Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 885 (1990). Rather, the moving party need only point to matters which demonstrate the absence of a genuine material factual issue. *See Celotex*, 477 U.S. at 323-24 ("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"). Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See id*. at 322. In such a circumstance, summary judgment must be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id*. at 323.

To defeat summary judgment the opposing party must establish a genuine dispute as to a material issue of fact. This entails two requirements. First, the dispute must be over a fact(s) that is material, i.e., one that makes a difference in the outcome of the case. *Anderson*, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). Whether a factual dispute is material is determined by the substantive law applicable for the claim in question. *Id*. If the opposing party is unable to produce evidence sufficient to establish a required element of its claim that party fails in opposing summary judgment. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322.

Second, the dispute must be genuine. In determining whether a factual dispute is genuine the court must again focus on which party bears the burden of proof on the factual issue in question. Where the party opposing summary judgment would bear the burden of proof at trial on the factual issue in dispute, that party must produce evidence sufficient to support its factual claim. Conclusory allegations, unsupported by evidence are insufficient to defeat the motion. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Rather, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue for trial. *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076. More significantly, to demonstrate a genuine factual dispute, the evidence relied on by the opposing party must be such that a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson*, 477 U.S. at 248, 252. Absent any such evidence there simply is no reason for trial.

The court does not determine witness credibility. It believes the opposing party's evidence and draws inferences most favorably for the opposing party. *See id*. at 249, 255; *Matsushita*, 475 U.S. at 587. Inferences, however, are not drawn out of "thin air," and the proponent must adduce evidence of a factual predicate from which to draw inferences. *Am. Int'l Group, Inc. v. Am. Int'l Bank*, 926 F.2d 829, 836 (9th Cir. 1991) (Kozinski, J., dissenting) (citing *Celotex*, 477 U.S. at 322). If reasonable minds could differ on material facts at issue, summary judgment is inappropriate. *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). On

6

1  the other hand, the opposing party "must do more than simply show that there is some
2  metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead
3  a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"
4  *Matsushita*, 475 U.S. at 587 (citation omitted).  In that case, the court must grant summary
5  judgment.
6       Concurrent with their motion for summary judgment, defendants advised plaintiff of the
7  requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.
8  ECF No. 45-9; *see Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d
9  952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999).

### B. Undisputed Facts

11       Plaintiff alleges that defendants retaliated against him because he had information about
12  staff misconduct related to money plaintiff believed was embezzled from charity food drives at
13  the California Health Care Facility (CHCF).   Plaintiff was housed at the CHCF from January 11,
14  2018 to February 22, 2019.  Pl.'s Depo. at 20; ECF No. 45-8.  Plaintiff was then moved to
15  California State Prison, Sacramento (CSP-SAC), and then subsequently to Pelican Bay State
16  Prison on June 6, 2019.  *Id.* at 17.
17       In late 2017, defendant Sanborn was working for the Investigative Services Unit (ISU) of
18  the CHCF, where he started an investigation after he learned of a possible conspiracy to introduce
19  controlled substances into the institution.  Declaration of K.T. Sanborn (Sanborn Decl.) ¶ 5; ECF
20  No. 45-3.  During the investigation, defendant Sanborn learned via cell phone records and
21  financial accounts that plaintiff had potentially been involved in a conspiracy with inmate Sean
22  Couch and former CHCF employee K. Brooks to bring controlled substances into CHCF.  *Id.*;
23  Declaration of V. Reyes-Nava (Reyes Nava Decl.)  ¶ 5; ECF No. 45-4.  In February 2019,
24  defendant Sanborn prepared a memo regarding his investigative findings, and after the
25  investigation concluded on March 8, 2019, Sanborn issued an incident report.  Sanborn Decl. ¶¶
26  5-7; Declaration of J. Rush (Rush Decl.) ¶ 8, Ex. B; ECF No. 45-5.
27  ////
28  ////

1         In March 2019, defendant Reyes-Nava was a correctional sergeant for the ISU. Reyes-Nava Decl. ¶ 5; Pl.'s Depo. at 39. On March 8, 2019, defendant Reyes-Nava prepared an incident report summarizing defendant Sanborn's findings. Reyes-Nava Decl. ¶ 6; Rush Decl. ¶ 7, Ex. A; Pl.'s Depo. at 49, 56, Ex. D. That same day, defendant Sanborn issued a prison disciplinary rules violation report (RVR) to plaintiff for Conspiracy – Distribution of a Controlled Substance. Sanborn Decl. ¶ 7; Pl's Depo. at 48-49. Plaintiff was served this report on March 9, 2019, while he was incarcerated as CSP-SAC. Rush Decl. ¶ 9, Ex. C. Pl.'s Depo. at 49, Ex. C. Plaintiff was found guilty after a disciplinary hearing held at Pelican Bay in June 2019. Rush Decl. ¶ 9, Ex. C.; Pl.'s Depo. at 54, 59-61. Plaintiff then contested the report, and after a rehearing in November 2019, plaintiff was found not guilty. Rush Decl. ¶ 10, Ex. D; Pl.'s Depo. at 62-66.

**C. Disputed Facts**

The parties dispute whether the RVR issued as to plaintiff was motivated by retaliation. In this regard, there is a significant dispute as to timing. Plaintiff alleges that defendants initiated an investigation of him and issued an RVR in retaliation for his having spoken to prison staff about possible embezzlement from the CHCF food sales fund by prison employees, including then-Warden Mitchel. Pl.'s Depo. at 42. Plaintiff claims that he made statements to prison staff about embezzlement between December 1 and December 10, 2018, and that thereafter retaliation occurred. Pl.'s Depo. at 42. Plaintiff alleges that defendant Nava-Reyes questioned plaintiff about the embezzlement of the food sales funds on January 17, 2019. *Id.* at 26, 46, 59. Plaintiff also stated in a discovery response that defendant Sanborn was present when plaintiff was questioned on November 28, 2017 about the alleged embezzlement. ECF No. 25 at 10.

Defendants maintain that prior to this litigation, they were unaware of any alleged embezzlement of money from food sales funds at CHCF. Sanborn Decl. ¶ 4; Reyes-Nava Decl. ¶ 4. Both defendants maintain that at the time the incident report was issued, they were unaware of any possible embezzlement of food sales funds, and did not question plaintiff about the alleged embezzlement. *Id.*

////

////

### D. Requests Deemed Admitted

As discussed *supra*, plaintiff never responded to defendants' second set of requests for admission, even after being warned of the consequences of a failure to respond.[1] Accordingly, the court must now accept the facts recited in those requests are now established. Fed. R. Civ. P. 36(a)(3). As such, plaintiff has admitted, *inter alia*, the following. Plaintiff admits that he has no evidence to support his claim that defendants retaliated against him because he had information about alleged embezzlement of funds. Lessner MSJ Decl. ¶¶ 5-10, Ex. B. Plaintiff admits that he fabricated his claim, alleged for the first time at his deposition and reiterated again in his opposition to defendants' first summary judgment motion, that defendants retaliated against plaintiff because he had information about alleged embezzlement of funds. *Id.*

### E. Analysis

Plaintiff "may bring a Section 1983 claim alleging that public officials, acting in their official capacity, took action with the intent to retaliate against, obstruct, or chill the plaintiff's First Amendment rights." *Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 867 (9th Cir. 2016). To prevail on such a claim, plaintiff must must show that "(1) [he] engaged in constitutionally protected activity; (2) the defendant's actions would 'chill a person of ordinary firmness' from continuing to engage in the protected activity; and (3) the protected activity was a substantial motivating factor in the defendant's conduct – i.e., that there was a nexus between the defendant's actions and an intent to chill speech." *Id.* A plaintiff need not establish that the defendant's actions actually suppressed or inhibited his speech; rather, "a plaintiff need only show that the defendant 'intended to interfere' with the plaintiff's First Amendment rights and that it suffered some injury as a result." *Id.* A plaintiff must do more, however, than simply allege that any adverse action took place after the exercise of the protected activity. *Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000).

////

---

[1] Defendants specifically notified plaintiff that failure to respond to the requests for admission would deem the requests admitted. Declaration of Tessa Lessner ISO MSJ (Lessner MSJ Decl.) ¶ 8, Ex. B; ECF Nos. 45-7 & 45-8.

1       Defendants maintain that they are entitled to summary judgment on this claim because they have met their burden of identifying the part of the record that demonstrates the absence of a genuine issue of material fact regarding retaliation, and plaintiff has not introduced any evidence to demonstrate that there is a genuine issue for trial. *See Anderson*, 477 U.S. at 250. Defendants are correct. As discussed *supra*, plaintiff has admitted, due to his failure to respond to defendants' requests for admissions, that he has no evidence to support his claim of retaliation. Lessner Decl. ¶¶ 5-10, Ex. B. Without any such evidence, his claim must fail, particularly in light of defendants' statements under oath that they were unaware of the alleged embezzlement of food sales funds until this litigation. Sanborn Decl. ¶ 4; Reyes-Nava Decl. ¶ 4.

      In addition, even without the admissions, plaintiff does not point to any evidence in his opposition that would establish a genuine issue of material fact regarding his retaliation claim. Instead, plaintiff simply reiterates that he believes that the confidential memorandum and the RVR were false, and somehow related to his knowledge of alleged embezzlement. In so doing, plaintiff does no more than simply allege that any adverse action took place after the exercise of the protected activity and was therefore retaliatory. That bare allegation is not adequate to establish a claim for First Amendment retaliation. *See Huskey,* 204 F.3d at 899. Furthermore, although the RVR against plaintiff for conspiracy to distribute a controlled was not sustained, there was no finding that the defendants falsified any evidence or retaliated against plaintiff. Rush Decl. ¶ 10, Ex. D. Rather, the findings were as follows:

> The reporting employee documents ANDERSON [plaintiff] was in a conspiracy to introduce narcotics into the institution with inmate COUCH and a former staff member for the purpose of distributing and selling the narcotics among the inmate population. The RE documented the findings of an investigation in Confidential Memorandum dated February 14, 2019. The SHO reviewed the document and finds there is circumstantial evidence ANDERSON was in contact with COUCH through the use of a cellular phone. The SHO also notes the information documented shows COU[]CH utilized coded language to speak about suspected narcotics and the exchange of money through green dot. However the investigator did not outline the communication between ANDERSON and any member of the conspiracy for the purpose of distributing controlled substances. As ANDERSON's specific actions were not documented the SHO has to find the inmate not guilty of the charges.

*Id.* These findings demonstrate that plaintiff was in contact with a co-conspirator via cell phone, but that the hearing officer did not find sufficient evidence of plaintiff's specific communications.

10

The findings are not, however, evidence of either falsification of evidence or retaliation on the part of defendants, and are not sufficient to defeat summary judgment.

"Mere opinions and beliefs that [a defendant's] actions were retaliatory, based on no specific or substantial evidence, are not enough to create a genuine issue of material fact." *Keyser v. Sacramento City Unified Sch. Dist.*, 265 F.3d 741, 753 n.5 (9th Cir. 2001). Thus, even accepting plaintiff's allegations as true, and viewing the evidence in the light most favorable to plaintiff, a rational trier of fact could not find that defendants retaliated against plaintiff, and defendants' motion for summary judgment should be granted.[2]

## VI. Recommendation

For the foregoing reasons, it is RECOMMENDED that:

1) Plaintiff's motion for appointment of counsel be DENIED;

2) Defendants' motions to compel to deem requests admitted be GRANTED;

3) Defendants' motion to strike plaintiff's sur-reply be GRANTED;

4) Defendants' second motion for summary judgment be GRANTED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

/////

/////

/////

/////

/////

---

[2] Defendants also maintain that they are entitled to qualified immunity and that plaintiff's claims for punitive damages should be dismissed. Because the court has determined that defendants are entitled to summary judgment, these issues are moot.

11

      In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing § 2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: September 12, 2025

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE